(No. 4030

LOVELL DEAN, WIDOW OF WARREN L. DEAN, DECEASED, Claimant, vs. STATE OF ILLINOIS, *Respondent*.

*Opinion filed September 18, 1947.*

KINDER AND DEY, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Lovell Dean, is the widow of Warren L. Dean, who was employed by respondent in the Department of Public Works and Buildings, Division of Highways, and seeks an award for the death of her husband under the provisions of the Workmen's Compensation Act.

On April 14, 1947 Mr. Dean and other men were engaged in filling pavement cracks with molten asphalt on U. S. Highway No. 66 in Montgomery County. About 1:10 P.M. Mr. Dean was refilling his pouring·can at the rear of the kettle. A tractor-trailer transport, loaded with approximately 429 bushels of shelled ` corn and driven by Mr. Everett J. Woods of Sullivan, Missouri,

approached from the north. The flagman signaled to Mr. Woods to stop to permit a north bound car to pass. However, the transport disregarded the signal and continued down the highway. The flagman called a warning to the group and jumped into the ditch. Mr. Dean either failed to hear the warning or failed to respond quickly enough, for he continued to fill his pouring can at the back of the asphalt kettle. The transport continued in its course and struck Mr. Dean, pinning him between the transport and the asphalt kettle. He fell from between the two vehicles about 90 feet from the point of impact. Dean's superior called an ambulance to take him to a hospital. It was determined upon arrival of the ambulance that Mr. Dean was dead. The body was taken to a funeral home at Witt. There it was found that he had suffered fractures of both legs, an arm, the skull, chest injuries and the body was badly burned.

The deceased was injured during the course of and out of his employment by respondent, and the employer and employee were operating under the provisions of the Workmen's Compensation Act. The record does not present any jurisdictional questions. The deceased was survived by his widow, Lovell Dean, and two children, Thomas Dean, 3 years old, and Beverly Sue Dean, 4 months old.

Decedent's earnings from respondent during the year preceding his death totalled $1,807.83. The accident having occurred subsequent to July 1, 1945, the weekly compensation rate would be $19.20. Under Section 7 (h) Par. 3 of the Workmen's Compensation Act, claimant is entitled to an award in the amount of $4,800.00, which must be increased 20% under Section 7 (1), making a total award of $5,760.00.

An award is therefore made in favor of the claimant, Lovell Dean, in the amount of $5,760.00, to be paid to her as follows:

$ 422.40, accrued is payable forthwith;
$5,337.60, is payable in weekly installments of $19.20 per week, beginning September 23, 1947, for a period of 278 weeks.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State Employees."